# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01534-LTB

**ELRADER BROWNING, JR.**,

      Applicant,

v.

**JOHN OLIVER,**

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Elrader Browning, Jr. is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"), in Florence, Colorado.  Applicant, acting *pro se*, initiated this action on July 20, 2015, by filing a 28 U.S.C. § 2241.  On September 24, 2015, Respondent filed a Preliminary Response asserting that this Court does not have subject matter jurisdiction over this claim (ECF No. 8).  Applicant filed a Reply on October 19, 2015 (ECF No. 10). For the reasons stated below, the Application and this action will be dismissed.  An appropriate order follows.

The Court must construe the Application liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

However, a court should not act as a pro se litigant's advocate.  See *id.*  *Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend.  *Andrews v. Heaton*, 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### Relevant Facts and Procedural History

On October 24, 1988, the U.S. District Court for the Central District of California imposed two life sentences on Applicant resulting from guilty verdicts on multiple drug-distribution counts in *United States v. Browning, Jr.*, Criminal No. 2:77-571 (C.D. Cal.). Applicant has filed one motion under § 2255 challenging the validity of his sentence (Dkt. 2017), which the sentencing court denied on May 1, 1997 (Dkt. 2121).  Applicant also has filed two motions to correct his sentence under Fed. R. Crim. P. 35, both of which were denied.  Both denials were affirmed on appeal by the Court of Appeals for the Ninth Circuit. *See United States v. Browning, Jr.*, 597 F. App'x 466 (9th Cir. 2015); *United States v. Browning, Jr.*, 490 F. App'x 75 (9th Cir. 2013).

In his application, Applicant raises one claim that directly challenges the validity of his 1988 sentence.  He claims that under 18 U.S.C. § 3553, the sentencing court's failure to state the reason for its sentence renders the sentence illegal.  Applicant further alleges that because the sentencing court never made a drug amount determination, it "has created a fundamental defect" in his sentence.  For relief, he seeks that the Court declare his sentence and conviction "null and void."

### 28 U.S.C. § 2241 v. 28 U.S.C. § 2255

As stated above, Applicant has filed his claim pursuant to a petition for writ of habeas corpus under 28 U.S.C. § 2241.  However, as the discussion below reveals, a petition under 28 U.S.C. § 2241 is not the proper vehicle for bringing Applicant's claims. In this regard, the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").

That Applicant sought and was denied relief in a § 2255 motion does not demonstrate that the remedy was inadequate or ineffective.  *See Williams*, 323 F.2d at 673.

Furthermore, even if Applicant is barred from raising his claims in a second or successive motion pursuant to § 2255, the remedy provided in § 2255 still is not inadequate or ineffective.  *See Caravalho*, 177 F.3d at 1179.

In the Reply, Applicant argues that because his Rule 35 motions were denied, he has demonstrated that the remedy under 2255 is inadequate and ineffective.  "A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  The narrow reading of the savings clause is well established in the Court of Appeals for the Tenth Circuit.  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  Applicant does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and

ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (incorporating in the savings clause a test for actual innocence that would allow a habeas corpus application pursuant to § 2241 to proceed)). The Tenth Circuit, however, has now explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. The Tenth Circuit disregarded the "actually innocent" provision, as a novel question that creates "a test Congress never authorized." *Id.* at 596 (Tenth Circuit declines to incorporate actual innocence under a new statutory interpretation to invoke the savings clause).

Furthermore, the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (based on the fundamental legality of a sentence, the Seventh Circuit found § 2241 an appropriate avenue for relief when a defendant is unable to obtain relief on a basis not yet established by law in a first motion and unable to do so in a successive motion when relief is neither newly discovered evidence nor a new rule of constitutional law), is rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94. The Tenth Circuit found that the foreclosure test disregards § 2255(h) in allowing an applicant to proceed through the § 2255(e) savings clause in disregard of Congress's concern for finality when a conviction has been tested through trial, appeal, and one round of collateral review, *id.* at 591.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255

motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Id.* at 587. A sentencing court's denial of an applicant's § 2255 motion or Rule 35 motion on the merits does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). Furthermore, "[f]ailure to obtain *relief* under § 2255 or Rule 35 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Because none of Applicant's claims demonstrate that any remedy available to him in the sentencing court, pursuant to 28 U.S.C. § 2255, is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Application is denied and the action is dismissed because this Court does not have subject matter jurisdiction over Applicant's claims. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 26th day of October, 2015.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court